O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS C. HARRIS, | ) | Case No. CV 12-10387-ODW (SP) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| E. VALENZUELA, et al., | ) | SUMMARILY DISMISSING PETITION |
| Respondents. | ) | |

On December 5, 2012, petitioner Dennis C. Harris, a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). In it, petitioner challenges his 2006 conviction for assault with a deadly weapon. Pet. at 2. Petitioner raises two grounds for relief, both claiming that he allegedly received ineffective assistance of his trial counsel, namely: (1) he told his trial counsel the witnesses were lying; and (2) his trial counsel failed to properly investigate the blood on the knife that was supposedly used by petitioner. Pet. at 6-7.

As petitioner somewhat unclearly acknowledges (*see* Pet. at 5), this is in fact petitioner's second § 2254 petition filed in this Court challenging his 2006 conviction. The first petition, filed in case number CV 10-3358-ODW (SP), also raised two claims of ineffective assistance of counsel, the first of which was a

claim of ineffective assistance of trial counsel.  That single claim of ineffective assistance of trial counsel encompassed both grounds for relief raised in the instant Petition, that is, both petitioner's claim that he told his counsel the witnesses were lying and petitioner's claim that his counsel failed to test for blood on the knife. *See* Petition filed May 5, 2010 in case no. CV 10-3358-ODW (SP).  In a Report and Recommendation filed June 15, 2012, the Magistrate Judge considered the claim on its merits, and recommended rejecting the claim and denying the petition with prejudice.  On July 25, 2012, this Court filed an order accepting the Report and Recommendation, and filed a Judgment denying the petition and dismissing the action with prejudice.

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4 also authorizes dismissals on procedural grounds.  *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).  Here, the Petition must be dismissed because it presents claims already adjudicated by this Court in the prior petition in case number CV 10-3358-ODW (SP).

The law in these circumstances allows for no discretion.  "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  The Supreme Court has specifically stated: "If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases."  *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citing 28 U.S.C. § 2244(b)(1)).

As discussed above, the claims petitioner presents in the instant Petition are


identical to, and subsumed within, the first claim petitioner presented in his earlier petition in case number CV 10-3358-ODW (SP).  Moreover, even if petitioner's approach to these ineffective assistance claims were slightly different this time, that would not render them permissible under § 2244(b)(1).  In a case in which a petitioner sought to present successive ineffective assistance claims in successive petitions, the Ninth Circuit held that raising new factual grounds is "not sufficient to evade the mandatory dismissal requirement of 28 U.S.C. § 2244(b)," as "[t]he gravamen of the claim of ineffective assistance of trial counsel is the same, regardless of whether Petitioner presents new and different legal arguments or different factual allegations."  *Cooper v. Brown*, 510 F.3d 870, 931 (9th Cir. 2007) (citing *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999) (where a prisoner sought to raise another ineffective assistance claim in a successive § 2254 petition asserting "new factual explanations for his counsel's ineffectiveness at trial," § 2244(b)(1) would require dismissal because "the gravamen of his legal argument is essentially the same")).  As such, § 2244(b)(1) requires dismissal of the two claims raised in the instant Petition, which were already raised, considered, and rejected by this Court in petitioner's prior § 2254 petition.

　　　　The instant Petition appears to suffer from other defects as well.  There is no indication that petitioner obtained permission from the Court of Appeals to file a successive § 2254 petition, as is required before petitioner may file a successive petition in this Court.  *See* 28 U.S.C. § 2244(b)(3).  Also, the Petition appears likely time-barred under 28 U.S.C. § 2244(d).  But the Court need not reach these matters since § 2244(b)(1) so plainly requires dismissal.

//
//
//

1       IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action.

DATED: December 14, 2012

_____

HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

4